## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **IN RE:** | ) | |
| Patrick Mathis McClam, SSN# (xxx-xx-9339) | ) | **CASE NO:** _19-00933_ |
| aka Patrick M McClam, Patrick McClam, | ) | **CHAPTER:** _13_ |
| | ) | |
| Celena Ferrer McClam, SSN# (xxx-xx-4548) | ) | |
| aka Celena F McClam, Celena McClam, | ) | |
| | ) | |
| 405 Indigo Ridge Drive | ) | |
| Columbia, SC 29229 | ) | |
| | ) | |
| **DEBTOR.** | ) | |

### NOTICE OF OPPORTUNITY TO OBJECT

The debtor(s) in the above captioned case filed a Chapter 13 plan on March 13, 2019. The plan is attached.

**Your rights may be affected by the plan.** **You should read the plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

Any objection to confirmation of the Chapter 13 plan must be in writing filed with the Court at 1100 Laurel Street, Columbia, South Carolina 29201-2423 and served on the Chapter 13 trustee, the debtor(s), and any attorney for the debtor(s) no later than 21 days after the service of the Chapter 13 plan, as computed under Fed. R. Bankr. P. 9006(a). Objections to confirmation may be overruled if filed late or the objecting party fails to appear and prosecute the objection. If no objection is timely filed, the plan may be confirmed by the Court without further notice.

If you file an objection, you or your attorney must attend the hearing scheduled by the court on confirmation of the plan. Notice of the confirmation hearing is provided in section 9 of the Notice of Chapter 13 Bankruptcy Case. However, the Court may set an earlier status hearing on any objection upon notice to the applicable parties.

If you or your attorney do not take these steps, the court may determine that you do not oppose the terms or relief sought in the plan and may enter an order confirming the plan.

DATE___ 3/13/19 _____

/s/ Jason T Moss _____
Signature of Attorney

Jason T Moss, Esq. _____
Moss & Associates Attorneys, P.A.
816 Elmwood Avenue
Columbia, South Carolina 29201
(803) 933-0202

_7240_____
District Court I.D. Number

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Patrick Mathis McClam** | | ☐ Check if this is a modified plan, and list below the sections of the plan that have been changed. |
| | First Name       Middle Name       Last Name | | |
| Debtor 2 | **Celena Ferrer McClam** | | |
| (Spouse, if filing) | First Name       Middle Name       Last Name | | |
| United States Bankruptcy Court for the: | **DISTRICT OF SOUTH CAROLINA** | | ☐ Pre-confirmation modification |
| | | | ☐ Post-confirmation modification |
| Case number: | 19-00933 | | |
| (If known) | | | |

District of South Carolina

# Chapter 13 Plan

**12/17**

---

| Part 1: | Notices |
|---|---|

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☑ **Included** | ☐ **Not Included** |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☑ **Included** | ☐ **Not Included** |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ **Included** | ☐ **Not Included** |
| 1.4 | **Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8** | ☑ **Included** | ☐ **Not Included** |

| Part 2: | **Plan Payments and Length of Plan** |
|---|---|

**2.1** The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

 **$2,199.00** per **Month** for **60** months

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

| Debtor | **Patrick Mathis McClam** | Case number | |
| | **Celena Ferrer McClam** | | |

**2.2** **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*

☐ The debtor will make payments pursuant to a payroll deduction order.
☑ The debtor will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*

☑ The debtor will retain any income tax refunds received during the plan term.

☐ The debtor will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*

☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

| Part 3: | **Treatment of Secured Claims** |

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1** **Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply. Only relevant sections need to be reproduced.*

☐ None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

☐ **3.1(b)** The debtor is in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

| Name of Creditor | Collateral | Estimated amount of arrearage | Interest rate on arrearage (if applicable) | Monthly payment on arrearage |
| --- | --- | --- | --- | --- |
| | | Includes amounts accrued through the | | (or more) |

*Insert additional claims as needed.*

☑ **3.1(c)** The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

☐ **3.1(d)** The debtor proposes to engage in loss mitigation efforts with _____ according to the applicable guidelines or procedures

District of South Carolina

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

| Debtor | **Patrick Mathis McClam** | Case number |
| | **Celena Ferrer McClam** | |

of the Judge assigned to this case.  Refer to section 8.1 for any nonstandard provisions, if applicable.

*Insert additional claims as needed*

☐ **3.1(e) Other.**  A secured claim is treated as set forth in section 8.1.  This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

*Insert additional claims as needed*

**3.2**  **Request for valuation of security and modification of undersecured claims.** *Check one.*

☐ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☑ The debtor requests that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor states that the value of the secured claim should be as set out in the column headed Estimated amount of secured claim.  For secured claims of governmental units, unless otherwise ordered by the Court after motion or claims objection filed after the governmental unit files its proof of claim or after the time for filing one has expired, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.1 of this plan. If the estimated amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5.1 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

Unless 11 U.S.C. § 1325(a)(5)(A) or (C) applies, holders of secured claims shall retain liens to the extent provided by section 1325(a)(5)(B)(i).  Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| EXETER FINANCE | $18,000.00 | 2010 BMW 535i | $6,000.00 | $0.00 | $6,000.00 | 6.00% | $117.00 (or more) |
| MEADOW BROOK | $40,000.00 | 2010 INTERNATIONAL PROSTAR | $20,000.00 | $0.00 | $20,000.00 | 6.00% | $387.00 (or more) |

District of South Carolina

Effective December 1, 2017          Chapter 13 Plan          Page 3

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Debtor | **Patrick Mathis McClam** | | | Case number | | | |
| | **Celena Ferrer McClam** | | | | | | |

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| **ONE MAIN FINANCIAL** | **$3,000.00** | **2006 DODGE CHARGER** | **$1,230.00** | **$0.00** | **$1,230.00** | **6.00%** | **$24.00** (or more) |

*Insert additional claims as needed.*

**3.3   Other secured claims excluded from 11 U.S.C.  § 506 and not otherwise addressed herein.**

*Check one.*

☐ **None**. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
☑ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below.  Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i).  Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| **PROGRESSIVE** | **PERSONAL PROPERTY-RIMS** | **$600.00** | **6.00%** | **$12.00** (or more) Disbursed by: ☑ Trustee ☐ Debtor |
| **SNAP FINANCE** | **PERSONAL PROPERTY-RIMS** | **$1,000.00** | **6.00%** | **$20.00** (or more) Disbursed by: ☑ Trustee ☐ Debtor |

*Insert additional claims as needed.*

**3.4   Lien avoidance**.

*Check one.*

☐ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked**

District of South Carolina

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

| Debtor | **Patrick Mathis McClam** | Case number |
|---|---|---|
| | **Celena Ferrer McClam** | |

☑ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. *See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.*

*Choose the appropriate form for lien avoidance*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| FIRST FRANKLIN<br><br>HOUSEHOLD GOODS | $0.00 | $0.00 | 2,000.00 S.C. Code Ann. § 15-41-30(A)(3) | $2,000.00 | $0.00 | 100% |

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| MIDLAND FUNDING<br><br>DEBTORS RESIDENCE-405 INDIGO RIDGE DRIVE, COLUMBIA, SC 29229 | $1,143.07 | $137,000.00 | 109,750.00 S.C. Code Ann. § 15-41-30(A)(1)(a) | $149,600.00 | $0.00 | 100% |

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| QUICK CREDIT<br><br>HOUSEHOLD GOODS | $0.00 | $0.00 | 2,000.00 S.C. Code Ann. § 15-41-30(A)(3) | $2,000.00 | $0.00 | 100% |

*Use this for avoidance of liens on co-owned property only.*

| Name of creditor and description of property securing lien | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable Exemption and Code Section | Non-exempt equity (Debtor's equity less exemption) | Estimated lien | Amount of lien not avoided(to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|---|

District of South Carolina

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor | **Patrick Mathis McClam** | | | Case number | | | |
| | **Celena Ferrer McClam** | | | | | | |

| Name of creditor and description of property securing lien | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable Exemption and Code Section | Non-exempt equity (Debtor's equity less exemption) | Estimated lien | Amount of lien not avoided(to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | | |

*Insert additional claims as needed.*

**3.5     Surrender of collateral.**

*Check one.*

☑         **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

| Part 4: | **Treatment of Fees and Priority Claims** |
|---|---|

**4.1     General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2     Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3     Attorney's fees.**

a.      The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case.  Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement.  Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b.      If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court.  Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

**4.4     Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐         The debtor is unaware of any priority claims at this time.  If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

☐         **Domestic Support Claims**. 11 U.S.C. § 507(a)(1):

a.      Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full.  Add additional creditors as needed.

b.      The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

District of South Carolina

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                                    Best Case Bankruptcy

| Debtor | **Patrick Mathis McClam** | Case number | |
| | **Celena Ferrer McClam** | | |

c.      Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

☑ **Other Priority debt.** The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a pro rata basis.  If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

**4.5      Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑      **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

---

## Part 5:      Treatment of Nonpriority Unsecured Claims

**5.1      Nonpriority unsecured claims not separately classified.** *Check one*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☑      The debtor estimates payments of less than 100% of claims.
☐      The debtor proposes payment of 100% of claims.
☐      The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2      Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑      **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3      Other separately classified nonpriority unsecured claims.** *Check one.*

☑      **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

## Part 6:      Executory Contracts and Unexpired Leases

**6.1      The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☐      **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.
☑      **Assumed items.** Current installment payments will be disbursed directly by the debtor, as specified below, subject to any contrary court order or rule. Prepetition arrearage payments will be disbursed by the trustee unless otherwise ordered.

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Estimated amount of arrearage through month of filing or conversion | Estimated monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|---|
| **ALLY FINANCIAL** | **2015 DODGE RAM 1500 TRUCK** | $445.00 | $900.00 | $15.00 |
| | | | | (or more) |
| | | | | (or more) |

Insert additional claims as needed.

District of South Carolina

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

| Debtor | **Patrick Mathis McClam** | Case number |
| | **Celena Ferrer McClam** | |

---

| Part 7: | **Vesting of Property of the Estate** |

**7.1      Property of the estate will vest in the debtor as stated below:**
*Check the appliable box:*

[✓]    Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor.  The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate.  The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor.  Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

[ ]    **Other.**   The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1.  This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

---

| Part 8: | **Nonstandard Plan Provisions** |

**8.1      Check "None" or List Nonstandard Plan Provisions**
[ ]      **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***

**NOTICE: The confirmation of this plan may determine the character (secured, unsecured or priority), amount and timing of distribution of creditor's claim regardless of proof of claim filed.  If a creditor objects to a claim's treatment under the plan, the creditor must timely object to confirmation.**

**Part I of this Chapter 13 form plan** indicates that all objections to the confirmation of the plan must be filed no later than 7 days before the date set for the hearing on confirmation, unless otherwise ordered.  In Operating Order 18-04, Judge Waites has otherwise ordered that all objections to the confirmation of a Chapter 13 plan in cases before him shall be filed with the Court no later than 21 days after the date of services of the plan.  Therefore, <u>all objections to the confirmation of this Chapter 13 plan must be filed with the Court no later than 21 days after the date of services of this plan.</u>

**Statement in Support of Confirmation:  Debtor understands the following: (1) The obligations set forth in the plan, including the amount, method and timing of payments made to the Trustee or directly to creditors; (2) The consequences of any default under the Plan; and (3) That debtor(s) may not agree to sell or sell property, employ professionals, incur debt (including modification of debt), or request or agree to mortgage modification or other loss mitigation during the pendency of the case without the advance authorization of the Bankruptcy Court.**

**8.1(a) Reservation of Rights: Confirmation of this plan does not bar a party in interest from any actions discovered from the documentation, or lack thereof, in a proof of claim.  The debtor specifically reserves any currently undiscovered or future claims, rights or cause of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. §§ 542, 543, 544, 547 and 548.**

**3.1(c) -** Mortgage payments, including pre-petition arrears, will be paid and cured by the Trustee as follows:

| Name of Creditor | Description of Collateral (note if principal residence; include county tax map number and complete street address) | Current installment payment (ongoing payment amount) * | Monthly payment to cure GAP ** (post-petition mortgage payments for the two (2) months immediately following the event beginning conduit) | Estimated amount of PRE-PETITION ARREARAGE** (including the month of filing or conversion)* | Monthly payment on pre-petition arrearage |
|---|---|---|---|---|---|
| | | | | | |

---

District of South Carolina

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com         Best Case Bankruptcy

| Debtor | **Patrick Mathis McClam** | | | Case number | |
| | **Celena Ferrer McClam** | | | | |

| **REGIONS MORTGAGE** | **DEBTORS RESIDENCE-405 INDIGO RIDGE DRIVE, COLUMBIA, SC 29229, RICHLAND COUNTY, TMS# (R23104-09-40)** | $1,045.00 <br> Escrow for taxes: <br> X Yes <br> ? No <br> Escrow for insurance: <br> X Yes <br> ? No | $35.00 <br> Or more | $4,400.00 | $74.00 <br> Or more |
| | | $ <br> Escrow for taxes: <br> ? Yes <br> ? No <br> Escrow for insurance: <br> ? Yes <br> ? No | $ <br> Or more | $ | $ <br> Or more |

 * Unless otherwise ordered by the court, the amounts listed on a compliant proof of claim or a Notice filed under FRBP 3002(c) control over any contrary amounts above, and any Notice of Payment Change that might be filed to amend the ongoing monthly payment amount.

 ** The Gap will be calculated from the payment amounts reflected in the Official Form 410A Mortgage Proof of Claim Attachment and any Notice of Payment Change that might be filed to amend the monthly payment amount, but should not be included in the prepetition arrears amount.
**All payments due to the Mortgage Creditor as described in any allowed Notice of Post-petition Mortgage Fees, Expenses, and Charges under F.R.B.P. 3002.1, filed with the Court, will be paid by the Trustee, on a pro rata basis as funds are available.** See the Operating Order of the Judge assigned to this case.
Once the trustee has filed a Notice of Final Cure under F.R.B.P. 3002.1(f), the debtor shall be directly responsible for ongoing mortgage payments and any further post-petition fees and charges.

| Part 9: | **Signatures:** |

**9.1**     **Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

*X*  **/s/ Patrick Mathis McClam**                    *X*  **/s/ Celena Ferrer McClam**
    **Patrick Mathis McClam**                              **Celena Ferrer McClam**
    Signature of Debtor 1                                   Signature of Debtor 2

    Executed on    **March 13, 2019**                  Executed on    **March 13, 2019**

*X*  **/s/ JASON T. MOSS**                             Date  **March 13, 2019**
    **JASON T. MOSS 7240**
    Signature of Attorney for debtor  DCID#

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

UNITED STATES BANKRUPTCY COURT
**DISTRICT OF SOUTH CAROLINA**

| IN RE: | CASE NO: 19-00933<br>CHAPTER: **13** |
|---|---|
| **Patrick Mathis McClam**<br>**Celena Ferrer McClam**<br><br>DEBTOR(S) | DEBTORS' STATEMENT<br>IN SUPPORT OF CONFIRMATION |

In connection with the plan dated March 13, 2019, the debtor(s) hereby state that they understand the following:

(1) The obligations set forth in the plan, including the amount, method, and timing of payments made to the trustee and/or directly to creditors;

(2) The consequences of any default under the plan including the direct payments to creditors; and

(3) That debtor(s) may not agree to sell property, or sell property, employ professionals, or incur debt (including modification of debt) during the term of the plan without the advance authorization of the Bankruptcy Court.

Date **March 13, 2019**          By: **/s/ Patrick Mathis McClam**

                              Debtor

Date **March 13, 2019**          By: **/s/ Celena Ferrer McClam**

                              Joint Debtor

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

In Re:
Patrick Mathis McClam, SSN# (xxx-xx-9339)                    )        **CASE NO:** __19-00933__
aka Patrick M McClam, Patrick McClam,                        )        **CHAPTER:** __13__
                                                             )
Celena Ferrer McClam, SSN# (xxx-xx-4548)                     )
aka Celena F McClam, Celena McClam,                          )
                                                             )
405 Indigo Ridge Drive                                       )
Columbia, SC 29229                                           )
                                                             )
                                                             )
                                   Debtor(s)                 )
                                                             )

## CERTIFICATE OF SERVICE

I, Roger K. Pruitt, hereby certify that a copy of the *Notice and Plan with Certificate of Service - Conduit.*

*Objections are due no later than 21 days after the service of the chapter 13 plan, as computed under Fed. R. Bankr. P.*

*9006(a)., Motion to Establish Value Included in Chapter 13 Plan, Motion To Avoid Lien Included in Chapter 13 Plan,*

*Motion to Assume Included in Chapter 13 Plan, Debtor(s) Statement in Support of Confirmation* was filed with the

Bankruptcy Court, on March 13, 2019, and was served, on March 13, 2019, upon the Trustee and the Creditors

listed below by placing the same in the United States Mail with sufficient postage attached thereto at the

addresses listed.

This __13th__ day of March, 2019

By: /s/ Roger K. Pruitt_____
Roger K. Pruitt
Bankruptcy Paralegal
Moss and Associates, Attorneys P.A.
816 Elmwood Avenue
Columbia, South Carolina 29201

William K Stephenson, Jr., via (CM/ECF)
Chapter 13 Trustee
PO Box 8477
Columbia, SC 29202

Region 4 US Trustee CM/ECF
1201 Main Street, Suite 2440
Columbia, SC 29201

SEE ATTACHED LIST

Label Matrix for local noticing
0420-3
Case 19-00933-jw
District of South Carolina
Columbia
Wed Mar 13 12:48:19 EDT 2019

1st Franklin Financial Corporation
Attn: Administrative Services
PO Box 880
Toccoa, GA 30577-0880

ALLY FINANCIAL
PO BOX 380902
Minneapolis MN 55438-0902

ATTORNEY GENERAL OF UNITED STATES
950 PENNSYLVANIA AVE, NW
Washington DC 20530-0001

Ally Bank Lease Trust
PO Box 130424
Roseville, MN 55113-0004

CALVARY PORTFOLIO SERVICES
500 SUMMIT LAKE DRIVE, STE 400
Valhalla NY 10595-2322

CAPITAL ONE
PO BOX 30281
Salt Lake City UT 84130-0281

CAROLINA ORTHADONTICS
921 LONGTOWN ROAD
Columbia SC 29229-9498

CREDENCE RESOURCE MANAGEMENT
PO BOX 2300
Southgate MI 48195-4300

CREDIT ONE BANK
PO BOX 98872
Las Vegas NV 89193-8872

Cavalry SPV I, LLC
500 Summit Lake Drive, Ste 400
Valhalla, NY 10595-2321

(p)DISCOVER FINANCIAL SERVICES LLC
PO BOX 3025
NEW ALBANY OH 43054-3025

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH 43054-3025

EXETER FINANCE
PO BOX 166008
IRVING TX 75016-6008

Exeter Finance LLC, c/o AIS Portfolio Servic
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

FEDERAL LOAN SERVICING
PO BOX 60610
Harrisburg PA 17106-0610

FINGERHUT
6250 RIDGEWOOD ROAD
Saint Cloud MN 56303-0820

FIRST FRANKLIN
9003 TWO NOTCH ROAD, STE 9H
Columbia SC 29223-5800

FIRST PREMIER
3820 N LOUISE AVENUE
Sioux Falls SD 57107-0145

FIRST PREMIER BANK
3820 N LOUISE AVE
Sioux Falls SD 57107-0145

IRS
PO BOX 7346
Philadelphia PA 19101-7346

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

(p)LEXINGTON MEDICAL CENTER
2720 SUNSET BLVD
WEST COLUMBIA SC 29169-4810

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

MEADOWBROOK
111 DEER LAKE RD
STE 130
Deerfield IL 60015-4978

MID AMERICA BANK AND TRUST
216 W 2ND STREET
DIXON MO 65459-8048

MIDLAND FAMILY MEDICINE
1910 GREGG STREET
Columbia SC 29201-2618

MIDLAND FUNDING
2365 NORTHSIDE DRIVE, STE 300
San Diego CA 92108-2709

MIDWET RECOVERY SYSTEMS
PO BOX 899
Florissant MO 63032-0899

Celena Ferrer McClam
405 Indigo Ridge Drive
Columbia, SC 29229-7157

Patrick Mathis McClam
405 Indigo Ridge Drive
Columbia, SC 29229-7157

Jason C Moss
Moss & Associates, Attorneys, P.A.
816 Elmwood Avenue
Columbia, SC 29201-2027

NATIONAL CREDIT ADJUSTERS
327 WEST 4TH AVENUE
Hutchinson KS 67501-4842


NAVY FEDERAL CREDIT UNION
PO BOX 3000
Merrifield VA 22119-3000

ONE MAIN FINANCIAL
PO BOX 1010
Evansville IN 47706-1010

PALMETTO HEALTH USC MEDICAL
1301 TAYLOR STREET, STE 8A
Columbia SC 29201-2955


(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

PROGRESSIVE
256 W DATA DRIVE
Draper UT 84020-2315


QUICK CREDIT
6422 TWO NOTCH ROAD
Columbia SC 29223

REGIONS BANK
720 NORTH 39TH STREET
Birmingham AL 35222-1112

REGIONS MORTGAGE
PO BOX 18001
Hattiesburg MS 39404-8001


RICHLAND COUNTY TREASURER
PO BOX 11947
Columbia SC 29211-1947

RISE
PO BOX 101808
Fort Worth TX 76185-1808

Regions Bank
P.O. Box 10063
Birmingham, AL 35202-0063


Regions Bank dba Regions Mortgage
7130 Goodlett Farms Pkwy (A4W)
Cordova, TN 38016-4991

SANTANDER CONSUMER USA
PO BOX 961245
Fort Worth TX 76161-0244

SC DEPT OF REVENUE
PO BOX 12265
Columbia SC 29211-2265


SNAP FINANCE
1193 W 2400 STREET
Salt Lake City UT 84119-8505

Santander Consumer USA Inc.
P.O. Box 560284
Dallas, TX 75356-0284

William K. Stephenson Jr.
PO Box 8477
Columbia, SC 29202-8477


US Trustee's Office
Strom Thurmond Federal Building
1835 Assembly Street
Suite 953
Columbia, SC 29201-2448

US ATTORNEY'S OFFICE
ATTN DOUG BARNETT
1441 MAIN ST STE 500
Columbia SC 29201-2862

WOODFOREST NATIONAL BANK
PO BOX 7889
Spring TX 77387-7889


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


DISCOVER
PO BOX 15316
Wilmington DE 19850

JEFFERSON CAPITAL SYSTEMS
PO BOX 7999
Saint Cloud MN 56302-9617

LEXINGTON MEDICAL CENTER
PO BOX 1409
Lexington SC 29071

PORTFOLIO RECOVERY
PO BOX 12914
Norfolk VA 23541

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Navy Federal Credit Union
P.O. Box 3000
Merrifield, VA 22119-3000

(d)PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

End of Label Matrix
Mailable recipients    53
Bypassed recipients     2
Total                  55